FILED ____ ENTERED
LODGED ____ RECEIVED

MAY 03 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA STOUT, individually and the marital community composed of Lisa and Ray C. Stout,

    Plaintiff,

v.

UNITED AIR LINES, INC.,

    Defendant.

CV07-0682 JCC

COMPLAINT FOR DAMAGES

***JURY DEMAND***

Plaintiff, by and through her undersigned counsel of record, as and for her claims against defendant, alleges as follows:

## I. PLAINTIFF

1.1. Plaintiff Lisa Stout is a resident of Jefferson County, Washington.

1.2. Plaintiff Stout is married to Ray C. Stout, and together they constitute a marital community under the laws of the State of Washington.

COMPLAINT FOR DAMAGES - 1 of 7
(No. _____)
[178441 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## II. DEFENDANT

2.1. Defendant United Air Lines, Inc. is a for-profit corporation believed to be organized under the laws of the State of Illinois. Defendant is doing business in the State of Washington as United Air Lines, Inc.

## III. JURISDICTION AND VENUE

3.1. Plaintiff alleges federal claims against defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 USC Sec. 2000e, et. seq., and the Civil Rights Act of 1991, and as amended.

3.2. Plaintiff alleges state claims against defendant pursuant to Washington's Law Against Discrimination, Ch. 49.60 RCW.

3.3. On March 29, 2006, plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) pursuant to 42 USC Sec. 2000e et seq. and has received a Notice of Right to Sue, as a prerequisite to commencement of a lawsuit alleging Title VII violations  This action was commenced within the required time period under federal civil rights law.

3.4. This Court has jurisdiction over the subject matter of this action and over defendant.

3.5. This Court has jurisdiction pursuant to federal law over the federal claims herein, and has supplemental, pendent jurisdiction over the related state law claims pursuant to 28 U.S.C. Sec. 1367.

3.6. Venue is proper in the Western District of Washington because defendant does business in this district, and the wrongful acts and harm alleged herein occurred in this district.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## IV. STATEMENT OF FACTS

4.1. Plaintiff Lisa Stout became employed by United Air Lines, Inc. ("United") on October 29, 1990, as a pilot, with the title of Flight Officer. She was transferred to Seattle, Washington Flight Operations in July 2002 as Captain. The last position she held was a B737 Captain. Throughout all relevant time periods, plaintiff was based in Seattle, King County, Washington, and supervised by the Seattle Flight Operations Manager.

4.2. In April 2004, plaintiff complained about material posted in the Denver, Colorado flight operations area, which she believed to be inappropriate and a form of sexual harassment. Beginning in June 2004, plaintiff was subjected to sexually-explicit pornographic material glued and taped in and about her workplace, throughout various compartments and spaces on the flight deck of the B737 during flight, as she was preparing a flight for departure. Plaintiff contacted her supervisor beginning on June 21, 2004, to report the pornography, and did a telephone interview on June 24, 2004. She also completed a "Written Statement of Alleged Victim," and personally met with her supervisor.

4.3. On August 17, 2004, a mass email was sent from the Manager of Line Operations advising of reports of pornographic material in the cockpits, and that the pilots were to note it in the logbook, request maintenance to remove the material, and notify the flight office immediately.

4.4. Plaintiff continued to be subjected to explicit, pornographic materials taped and placed around the flight deck. She continued to report it in the aircraft logbooks and made the required requests to maintenance for removal. In September 2004, she again complained to her supervisor.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

4.5. Despite her complaints, reports in the logbook, requests to maintenance, and additional reports to her supervisor, plaintiff continued to be subjected to such pornographic materials posted in and around the flight deck on approximately 19 separate flights after she made her initial reports. It affected her ability to do her job and the safety of crew and passengers. It interrupted her focus each and every time that she was forced to view and contend with the pornographic material. It was humiliating and unreasonably interfered with her work performance.

4.6. United failed to take adequate, reasonable steps to assure that the pornography was not placed on the flight deck in the first instance, and failed to take adequate, remedial steps to provide a safe, harassment-free workplace for plaintiff. United failed to respond to the ongoing notice of pornography on the flight deck, which was also a safety issue, and reported on the logbooks.

4.7. United failed to take adequate and/or prompt remedial action to rectify the hostile work environment or to respond to plaintiff's complaints and reports. The hostile work environment and offensive conduct continued.

4.8. Subsequent to plaintiff's reports and complaints, she was overly scrutinized, treated with disdain and in a demeaning manner, and was singled out for criticism. She was "red flagged" and docked in pay; she was subjected to different treatment and conditions of employment.

4.9. The work environment, and acts and omissions of defendant became so oppressive and hostile that plaintiff suffered a work-induced medical condition and was unable to continue to work, and had to voluntarily ground herself from flying. She was forced

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

to leave employment with United on July 5, 2005, due to the intolerable working conditions and hostile environment. United officially grounded her on August 9, 2005.

## V. FIRST CAUSE OF ACTION
### Violation of Federal Law – Sexual Harassment

5.1. Plaintiff realleges above paragraphs 1.1 through 4.9.

5.2. The conduct, acts and/or omissions of defendant constitute discrimination on the basis of sex, sexual harassment, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et. seq., and the Civil Rights Act of 1991, and as amended.

5.3. The conduct, acts and/or omissions of defendant were willful, with ill will or malice, and/or in conscious and/or reckless disregard for the civil rights of plaintiff for which punitive damages are authorized under 42 U.S.C. Sec. 2000e et seq.

5.4. As a result and proximate cause of the conduct of defendant, plaintiff has suffered injuries and damages including economic loss, emotional distress, and punitive damages in an amount to be proven at trial.

## VI. SECOND CAUSE OF ACTION
### Violation of Federal Law – Retaliation

6.1. Plaintiff realleges above paragraphs 1.1 through 4.9.

6.2. The conduct, acts and/or omissions of defendant constitute retaliation against plaintiff for opposing and reporting sexual harassment and pornographic material in the workplace and the hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et. seq., and the Civil Rights Act of 1991, Pub. L. 102-166, et. seq., 105 Stat. 1071 (November 21, 1991).

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

6.3. As a result and proximate cause of the conduct of defendant, plaintiff has suffered injuries and damages including economic loss, emotional distress, and punitive damages in an amount to be proven at trial.

## VII. THIRD CAUSE OF ACTION
### Violation of Washington Law Against Discrimination – Sexual Harassment

7.1. Plaintiff realleges above paragraphs 1.1 through 4.9.

7.2. The conduct, acts and/or omissions of defendant constitute discrimination on the basis of sex, sexual harassment and hostile work environment, in violation of Chapter 49.60, the Washington Law Against Discrimination.

7.3. As a result and proximate cause of the discriminatory acts, plaintiff has been injured and damaged in an amount to be proven at trial, for which she is entitled to recover all her actual and compensatory, economic and non-economic, special and general damages.

## VIII. FOURTH CAUSE OF ACTION
### Violation of Washington Law Against Discrimination – Retaliation

8.1. Plaintiff realleges above paragraphs 1.1 through 4.9.

8.2. The conduct, acts and/or omissions of defendant constitute retaliation against plaintiff for opposing and reporting sexual harassment and hostile work environment in violation of Chapter 49.60, the Washington Law Against Discrimination.

8.3. As a result and proximate cause of the conduct of defendant, plaintiff has suffered injuries and damages in an amount to be proven at trial, for which she is entitled to recover all her actual and compensatory, economic and non-economic, special and general damages.

## IX. JURY DEMAND

9.1. Plaintiff hereby requests and demands trial by jury.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## REQUEST FOR RELIEF

WHEREFORE, plaintiff prays for entry of judgment against the defendant as follows:

A. For an injunction compelling defendant to abide by and enforce sexual harassment policies consistent with state and federal law against discrimination.

B. For judgment against defendant for all damages as allowed by law, including prejudgment interest and punitive damages, for violations of Title VII.

C. For judgment against defendant for all damages as allowed by law for violations of Washington's Law Against Discrimination, Chapter 49.60 RCW, including an enhanced award for federal tax consequences to make plaintiff whole.

D. For judgment against defendant for all costs, expenses of litigation, and reasonable attorneys' fees as allowed by federal law.

E. For judgment against defendant for all costs, expenses of litigation, and reasonable attorneys' fees as allowed by state law.

F. For such other relief as the Court deems just and equitable.

DATED this 3rd day of May, 2007.

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

By _____
Victoria L. Vreeland, WSBA No. 08046
vvreeland@gth-law.com
Attorneys for Plaintiff

[28776-00001]

COMPLAINT FOR DAMAGES - 7 of 7
(No. _____)
[178441 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575