The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA STOUT, individually and the marital community composed of Lisa and Ray C. Stout,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED AIR LINES, INC.,<br><br>　　　　　Defendant. | CASE No. CV07-0682 JCC<br><br>**DEFENDANT'S SUPPLEMENTAL PRETRIAL STATEMENT WITH OBJECTIONS, ADDITIONS AND CHANGES TO PLAINTIFF'S PRETRIAL STATEMENT** |

Defendant hereby submits this Pretrial Statement pursuant to Local Rule CR 16(h). Defendant's objections, additions and changes to Plaintiff's Pretrial Statement are set forth herein.

## I. JURISDICTION

Jurisdiction is vested in this Court by virtue of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000*e*, et. seq.; and the Civil Rights Act of 1991, and as amended. And, pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over plaintiff's state law claims which are based on the Washington Law Against Discrimination ("WLAD"), Ch. 49.60 RCW, because they are part of the same case or controversy.

DEFENDANT'S PRETRIAL STATEMENT WITH
OBJECTIONS, ADDITIONS AND CHANGES TO
PLAINTIFF'S PRETRIAL STATEMENT – 1
Case No. CV07-0682 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044 • Tel: 206.839.4800

**EXHIBIT D**

C:\Documents and Settings\nm30527\Desktop\21589873_1.DOC

## II. CLAIMS AND DEFENSES

**A.     Plaintiff will pursue the following claims at trial:**

1.     State statutory claim under the WLAD for discrimination on the basis of sex through sexual harassment and hostile work environment, and failure of defendant to take adequate, prompt remedial action.

2.     State statutory claim under the WLAD for retaliation for engaging in protected, oppositional activity.

3.     Federal statutory claim under Title VII for discrimination on the basis of sex through sexual harassment and hostile work environment, and failure of defendant to take adequate, prompt remedial action.

4.     Federal statutory claim under Title VII for retaliation for engaging in protected, oppositional activity.

**B.     Defendant will pursue the following affirmative defenses at trial:**

1.     United exercised reasonable care to prevent and promptly correct alleged harassing and retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm. [This affirmative defense applies only to Plaintiff's retaliation claims, because Plaintiff asserts hostile work environment claims based on harassment by co-workers, for which the *Ellerth/Faragher* affirmative defense does not apply. To the extent that Plaintiff asserts hostile work environment claims based on harassment by supervisors, then United will pursue the *Ellerth/Faragher* affirmative defense against those claims.]

2.     Any alleged actions or decisions by United taken with respect to Plaintiff's employment were for legitimate, non-discriminatory reasons.

3.     With regard to any adverse employment action on Plaintiff, United would have made the same decision even if the Plaintiff's participation in a protected activity had played no role in the employment decision.

DEFENDANT'S PRETRIAL STATEMENT WITH
OBJECTIONS, ADDITIONS AND CHANGES TO
PLAINTIFF'S PRETRIAL STATEMENT – 2
Case No. CV07-0682 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800

4. Plaintiff is not entitled to recover damages from United or her damages are limited, due to Plaintiff's failure to take reasonable efforts to mitigate or minimize the damages that she has allegedly incurred. In the alternative, to the extent Plaintiff has mitigated her damages, any relief must be decreased by the amount of earnings, compensation and benefits she could have reasonably earned during the relevant time period.

5. Plaintiff engaged in misconduct during her employment that would have resulted in her earlier termination, had United known of it, and which limits her damages, if any.

### III. ADMITTED FACTS

Defendant objects to ¶¶ 4-7, 10-16, 18-24, 26-30, 32-38, and 40-60 of Plaintiff's proposed admitted facts. Defendant proposes changes to ¶¶ 8, 9, 25, 31, and 39 of Plaintiff's proposed admitted facts. Defendant's proposed admitted facts are set forth below.

1a. At all relevant times, Defendant United Air Lines Inc. ("United") had a zero-tolerance anti-discrimination policy to all forms of sexual harassment and hostile work environment.

2a. At all relevant times, United's anti-discrimination policy included a complaint procedure requiring employees to report incidents of harassment immediately through one or more reporting channels, including the employee's supervisor, the next level of supervision, Human Resources, Labor Relations, or the Business Conduct Office.

3a. At all relevant times, United's anti-discrimination policy provided that employees would not be retaliated against for making a claim of harassment, and that their reports would be handled confidentially.

4a. At the time of Plaintiff's employment, United's anti-harassment policies were disseminated through trainings and through the Flight Operations Manual, with which all pilots were required to be familiar.

DEFENDANT'S PRETRIAL STATEMENT WITH
OBJECTIONS, ADDITIONS AND CHANGES TO
PLAINTIFF'S PRETRIAL STATEMENT – 3
Case No. CV07-0682 JCC

DLA Piper LLP (US)
701 Fifth Avenue, Suite 7000
Seattle, WA  98104-7044 • Tel: 206.839.4800