HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA STOUT, individually and the marital community composed of Lisa and Ray C. Stout,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC.,<br><br>　　　　　　　　　Defendant. | NO. CV07-0682 JCC<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE TO EXCLUDE EVIDENCE OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES<br><br>Noted for Consideration: Nov. 21, 2008 |

**I.    INTRODUCTION**

Through a motion *in limine,* defendant seeks to dismiss plaintiff Lisa Stout's remedies of general damages and punitive damages by trying to exclude all evidence of her emotional distress and psychological injuries that arose from the pornography in the flight deck and the retaliatory actions of defendant's management. The sole basis for this motion is the contention that plaintiff failed to set forth <u>a dollar amount for her general damages and punitive damages,</u> in response to discovery requests or in her Initial Disclosures. Neither category of damage is subject to mathematical computation; and no expert would or could provide an opinion as to the amount of a plaintiff's general damages. These are matters within the *exclusive* province of the jury. Defendant has not cited to or offered one <u>single case</u> where a court excluded

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 1 of 13
(No. CV07-0682 JCC)
[196827 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

evidence of non-economic damages or punitive damages at trial due to plaintiff's failure or inability to set forth an exact dollar amount in discovery or in Initial Disclosures.

From the outset of this case, in her Complaint and her Initial Disclosures, plaintiff has made it clear that the statutory remedies for discrimination and retaliation, i.e. general and punitive damages, were sought in this action. Indeed, all the evidence supporting plaintiff's claims of injury and harm arising from the defendant's wrongful conduct has been fully disclosed in discovery, and thoroughly vetted and exhausted by defendant's extensive discovery processes. Plaintiff has provided full responses and all evidence in support of her claim for emotional distress and injuries, including all of her medical and psychological providers and records without regard to time frame. Defendant also sought and conducted a lengthy CR 35 exam, and deposed, at length, all persons it desired on this subject.

If defendant truly believed it needed a dollar figure from plaintiff in discovery, it could have conferred and brought a motion to compel. It did not. This motion is completely misplaced and should be denied.

## II. STATEMENT OF UNDISPUTED FACTS

In her Rule 26(a) disclosures, Captain Stout clearly outlined the categories of damages that she was claiming, including both general damages for emotional distress and loss of enjoyment of life, as well of punitive damages which are permitted under Title VII. Defendant's motion, however, did not include the full and accurate disclosure statement from plaintiff's Initial Disclosures, which set forth the basis for the damages sought. Plaintiff's Initial Disclosures stated:

> **PUNITIVE DAMAGES:** The amounts of punitive damages under federal law are not immediately capable of computation. Rather, they are amounts which are determined by the trier of fact to be adequate to deter and punish.

\* \* \*

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 2 of 13
(No. CV07-0682 JCC)
[196827 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

**2. General Damages/Non-Economic Damages.** The factors and considerations for general damages and emotional distress (past and future) for sexual harassment and retaliation include humiliation, embarrassment, anxiety, general feelings of depression, being upset, mental distress, intimidation, generalized fears and stress, interference with and loss of job/career destruction as a pilot. The amount of general damages is not capable of precise mathematical computation, but will be determined by the trier of fact based upon instructions by the Court and the evidence presented. The amount that plaintiff will request to be awarded by the jury will depend upon the evidence actually presented at trial.[1]

In discovery, defendant obtained all of plaintiff's medical and psychological treatment records from all eleven of her past and present providers *without regard to time frame.* Defendant conducted a full deposition of plaintiff, and she answered all questions asked regarding her psychological condition and the emotional impact of the hostile work environment and retaliation. Defendant also took the depositions of plaintiff's husband and friend, Anne Denton, and inquired about plaintiff's condition and emotional distress in general and that arising from the environment and her treatment at United. Defendant received the full written report, addenda, and rebuttal report of Dr. Shirley Feldman-Summers, plaintiff's forensic psychological expert, along with the expert's complete file, notes and testing of plaintiff. Defendant conducted a lengthy deposition of plaintiff's primary medical provider, Dr. Melanie McGrory. Defendant also had its expert conduct a lengthy CR 35 psychological examination of plaintiff, including numerous psychological tests. Defendant took all the depositions it requested. And, defendant had in its own files the past medical history and MMPI psychological evaluations of plaintiff. No stone was unturned in defendant's discovery as to plaintiff's general damages evidence.

In response to Interrogatory No. 13 of Defendant's Second Discovery Requests which asked for the exact amount of each category of plaintiff's damages, including emotional

---

[1] *See, Declaration of Vreeland,* Exhibit A, pp. 10-11 of Plaintiff's Initial Disclosures.

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 3 of 13
(No. CV07-0682 JCC)
[196827 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

distress and punitive damages, plaintiff specifically responded as to the economic damages, and referred back to the statements in her Initial Disclosures as to the general and punitive damages amounts. At no time did defendant contact plaintiff's counsel to confer and discuss any fixed or specific dollar amount for general or punitive damages or any claim that this was proper discovery and must be answered. And, at no time did defendant move the Court to compel answers to this discovery.

The parties engaged in a formal mediation with Charles Burdell, who submitted a report to the Court. The range of economic, general and punitive damages amounts which could be presented to the jury was discussed during the mediation sessions, and has subsequently been discussed between counsel in recent settlement talks. At no time has defendant informed plaintiff that it was hampered or hindered in any way in discovery or mediation by not having a fixed number for general or punitive damages set forth in the Initial Disclosures or in discovery responses. And, plaintiff could not have even anticipated such a request or motion, because it is and has been the practice of the employment bar in this state for the past twenty-five years that exact figures for general or punitive damages cannot and are not capable of being provided in discovery.

### III. EVIDENCE RELIED UPON

Plaintiff relies upon the files and records herein, and the Declaration of Victoria Vreeland submitted herewith.

### IV. ARGUMENT AND AUTHORITIES

Defendant argues that plaintiff did not timely answer discovery requests with a fixed amount for general and punitive damages. This contention should be summarily rejected because defendant did not confer or move to compel discovery in compliance with the discovery rules and the deadlines in this case.

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 4 of 13
(No. CV07-0682 JCC)
[196827 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Defendant next argues that plaintiff has a duty to provide "information" in Initial Disclosures and supplements under Rule 26(a). The first question is whether a fixed dollar amount for general damages or punitive damages is "information" which is mandated under Rule 26(a). Here, plaintiff provided all the *information* to defendant in support of her claims of injuries and harm. The only "information" not provided to defendant was plaintiff's counsel's impressions of what amounts it might ask the jury for general damages and for punitive damages. This is not what is contemplated by Rule 37(c)(1). There was no "information" which was not disclosed to defendant as to the evidence of her claims of injury which would support an award of general and punitive damages by the jury.

Even if counsel's impressions of an exact amount of general or punitive damages which is or may be sought is "information" which is contemplated or required under Rule 26, Rule 37(c)(1) provides that a party who fails to so provide such information "is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." In this case, because it is and was not possible to mathematically compute non-economic damages or punitive damages (except to the extent that punitive damages cannot exceed $300,000 under Title VII), the absence of a dollar figure is substantially justified. Moreover, even if some computation was possible, the failure to provide it is harmless, because defendant has conducted full discovery and is well aware of all the evidence supporting the remedies of an award of non-economic damages and punitive damages by a jury. This has been the bulk of the discovery on defendant's part – it has been disclosed and thoroughly explored by defendant in all aspects. All information, evidence, testimony, records, medical and psychological treatment – all evidence relevant to plaintiff's claim of emotional distress and injury to support a general damages award by the jury has been discovered and exhausted by defendant. The figure that a jury might put to this evidence is not subject to calculation. There is no unfair surprise here.

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 5 of 13
(No. CV07-0682 JCC)
[196827 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

A.  **The Absence of a Mathematical Computation or Figure for Non-economic or Punitive Damages Is Substantially Justified Because Such Damages are Not Subject to any Sort of Mathematical Calculation and Would Be Based on Counsel's Impressions.**

Non-economic damages such as pain and suffering, emotional distress, loss of enjoyment of life and the like are not subject to computation under Rule 26(a). *Burrel v. Crown Central Petroleum, Inc.,* 177 F.R.D. 376, 386 (E.D.Tex.1997) (no computation of compensatory damages attributable to mental anguish is required under Rule 26(a)(1)(C) because such damages would be determined by the trier of fact). The jury ultimately must assess all of the evidence, follow the Court's instructions, and determine a reasonable sum to compensate plaintiff for non-economic damages. The jury is not provided any mathematical formula to follow in this exercise and the only "computation" is the collective wisdom of the jurors in developing a number they unanimously agree upon.

Applicable jury instructions set forth the guidelines to be used by the jury in determining a reasonable and proper award. In awarding non-economic damages, the jury is expressly instructed to consider the "nature and extent of the injuries" the "disability and loss of enjoyment of life experienced", and the "mental, physical, emotional pain and suffering experienced." Ninth Cir. Model Civil Instr. 5.2. In addition, a jury is also instructed that "[t]he law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions." WPI 330.81. The jury instructions, combined with the evidence admitted at trial, fully set forth the means, method and basis for any "computation" or determination of non-economic damages.

Contrary to defendant's contentions, all the evidence of nature and extent of plaintiff's injuries, her disability from work, her medical treatment and medications, her loss of enjoyment of life, and her pain and suffering was provided to and explored thoroughly by

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 6 of 13
(No. CV07-0682 JCC)
[196827 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

defendant. All the evidence from which the jury would determine general damages and punitive damages was disclosed and provided in discovery to defendant.

Similarly, as to punitive damages, the evidence to support an award consists of the financial wherewithal of defendant – something uniquely known to United and included in its internal and public financial filings – and the factual evidence of United's conduct from which the jury decides if it acted in reckless disregard of plaintiff's rights. All that factual evidence has been included in discovery, including the deposition testimony of United's representatives and its own records. As to the <u>amount</u> of appropriate punitive damages, the jury must "use reason" to award punitive damages "in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party." The jury is further instructed to consider "the degree of reprehensibility of the defendant's conduct" and whether the conduct "was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case." Ninth Cir. Model Civil Instr. 5.5. Certainly, the evidence to support the punitive damages claimed is in defendant's possession and has all been disclosed in discovery. Counsel's impressions of that evidence and what punitive award it might support is subject to opinion.

Indeed, a plaintiff does not even have to ask the jury for a specific amount! That amount is usually left to the jury's own collective wisdom. And, whatever the jury may award for punitive damages would usually, in this jurisdiction, be reduced by the Court to no more than $300,000 under Title VII. If plaintiff is not required to give the jury an amount, certainly she is not required to give defendant an amount.

Where these types of damages are involved, there is no computation (or method of computation) to disclose. In *Creswell v. HCAL Corp.*, 2007 WL 628036 (S.D. Cal. 2007), the defendant moved *in limine* to preclude plaintiff from offering any evidence of non-economic or punitive damages relating to his discrimination or wrongful termination claims at trial because in his Rule 26(a) disclosures, plaintiff had identified only "lost wages" as a category

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 7 of 13
(No. CV07-0682 JCC)
[196827 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

of damages. General and punitive damages were not even identified as categories in the disclosures. The District Court refused to exclude evidence relating to either category of damages, because the defendant was made aware of these categories of damages through plaintiff's deposition testimony and because "emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation. Thus, Plaintiff's failure to provide a computation of his emotional damages is excused and Plaintiff is permitted to seek such damages at trial." With respect to the punitive damages claimed, the court stated that "because of the nature of punitive damages, Plaintiff's failure to provide a computation for this category of damages is excusable as well. Punitive damages can be based upon a variety of factors including the reprehensibility of Defendant's conduct, which is obviously not quantifiable". *Id.*

In addition, to set forth an amount of non-economic damages and punitive damages which might be requested of the jury would be, at best, an estimate by plaintiff's counsel based upon attorney impressions, the status of the evidence and discovery at that point in time, verdicts in similar cases, and speculation.[2] The amounts which might be sought are not definitive evidence which is discoverable or within the knowledge of the plaintiff. And, if plaintiff's counsel were to attempt to provide an answer with an amount, it would be nothing more than a statement to this effect: jury verdicts in similar cases range from several hundred thousand dollars to several million dollars and plaintiff anticipates seeking between $500,000 and $3 million dollars or more in general damages depending on the evidence admitted at trial and the court's instructions. As to an amount of punitive damage, the response would be similar.[3]

---

[2] In claims against government entities, tort claim laws require pre-filing of a claim with the agency and a statement of the amount claimed. Generally, plaintiffs set forth a very high amount where general damages of this nature are sought, making the amount claimed quite meaningless.

[3] Further illustrating the futility of this exercise, despite whatever computation Plaintiff might create (without any mathematical basis), Title VII limits punitive damages to $300,000 for cases against employers with over 500 employees. 42 U.S.C. § 1981a(b)(3).

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 8 of 13
(No. CV07-0682 JCC)
[196827 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

The sole case offered by defendant to suggest that a computation of non-economic damages can be required is a recent opinion *on a motion to compel discovery* issued by U.S. District Court Judge Benjamin Settle. In *Sharma v. City of Vancouver,* 2007 WL 4376177 (W.D. Wash. 2007), in response to a motion to compel, Judge Settle required the plaintiff to provide damage computations for medical expenses and state the amount of non-economic damages being sought. The Court did not issue any sanction and certainly did not order that plaintiff would not be allowed to introduce evidence of such damages at trial because they had not been disclosed in the Rule 26(a) disclosures.

Directly contrary to defendant's contentions here, in *Creswell v. HCAL Corp.,* No. CV 04-388 BTM (RBB), 2007 WL 628036, *2 (S.D.Cal. Feb.12, 2007), where the defendant sought total exclusion of such evidence at trial based upon the failure to provide a computation, the court denied the motion *in limine*. The Court stated: "While Rule 26 generally requires a party to provide a computation of such damages, emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation.... Thus, Plaintiff's failure to provide a computation of his emotional damages is excused and Plaintiff is permitted to seek such damages at trial." *Id.*

B.  **The Absence of a Computation, Figure or Amount for General or Punitive Damages Is Harmless.**

Every court that has considered this issue has found the plaintiff's failure or inability to set forth or disclose a computation of emotional distress damages is harmless, and has refused to exclude evidence of such damages on this basis. *See Estate of Gonzalez v. Hickman,* 2007 WL 3237635 (C.D. Cal. 2007) (collecting cases). In *Gonzalez,* a wrongful death action, the defendant sought to exclude all evidence of plaintiffs' damages because they did not provide an amount, or disclose a computation of these damages. The court denied defendant's motion *in limine* ruling that any failure to disclose was harmless, because the complaint made clear that the damages sought were based on the children's emotional suffering experienced

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 9 of 13
(No. CV07-0682 JCC)
[196827 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

due to the loss of their father. The court noted that "No additional information could have been provided in a computation of damages disclosed pursuant to Rule 26(a)(1)(C)." Here, as in *Gonzalez*, the plaintiff's failure to disclose a "computation" of her emotional distress damages is harmless. *See, e.g., Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n. 3 (5th Cir.2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)").

Contrary to defendant's representation, in *Synergetics, Inc. v. Lumpkin*, 2005 WL 2179648 (E.D. Mo. 2005), a magistrate judge agreed that while plaintiff did not have enough information to provide a computation of the various categories of damages claimed (including actual loss, unjust enrichment, breach of contract, restitution, recovery of materials allegedly stolen, injunctive relief, and punitive damages), the computation should be provided when sufficient discovery was obtained. Neither party addressed whether a computation of punitive damages could be performed (or whether a computation of "recovery of materials allegedly stolen" or "injunctive relief" could be performed). Similarly, this court's order in *Veritas v. Microsoft Corp.*, 2008 WL 657936 *25(W.D. Wash. 2008), involved Microsoft's failure to provide a computation of <u>economic</u> damages related to patent infringement and licensing issues, not non-economic, emotional distress damages.

With respect to punitive damages, as defendant well knows, Title VII caps punitive damage awards for employers of defendant's size at $300,000. 42 U.S.C. § 1981a(b)(3). Under applicable law, despite what amount of punitive damages may be requested by the plaintiff (or awarded by the jury), defendant's exposure is limited by law to $300,000, further illustrating the harmlessness of any failure by plaintiff to conjure a mathematical computation of punitive damages for defendant.

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 10 of 13
(No. CV07-0682 JCC)
[196827 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

C.  **Defendant's Claim that Plaintiff's Failure to Provide a "Computation" of Noneconomic and Punitive Damages Has Prejudiced Defendant from Conducting Discovery on Such "Computations" Or Fully Participated in Mediation is Disingenuous.**

Essentially, defendant claims that it has been unable to conduct sufficient discovery and is unable to defend the claims, or even to mediate the case because plaintiff has not provided a dollar figure, a "computation" of general or punitive damages, which are in fact wholly within the province of the jury to compute. Defendant claims that "Plaintiff's omission of damages computations leaves United without notice of *how* Plaintiff arrived at a damages amount . . . and generally precludes United from preparing to defend against the method and means by which Plaintiff intends to seek emotional distress damages and punitive damages from the jury." *Def. Motion in Limine re Damages at 9:8-13.*

There is no mathematical basis to "compute" non-economic and punitive damages. There is no obligation for plaintiff's counsel to share trial strategy and presentation plans with defendant, or to share mental impressions, which may change from time to time throughout discovery and even throughout trial. There are a multitude of trial practice publications, trial technique theories, programs, seminars and treatises on trial practice and how to present emotional distress or general damages to a jury. How plaintiff's counsel might argue the case from the evidence to the jury in closing is protected work product -- attorney impressions or trial preparation materials. *See* Rule 26(b)(3) Plaintiff is not aware of any cases finding substantial need to overcome that privilege based on defense counsel wanting some help in evaluating plaintiff's non-economic or punitive damages claims.

V.  **CONCLUSION**

Plaintiff fully disclosed every category of damages being sought, provided computations of the types of damages that were capable of being "computed" and explained in detail in her disclosures the elements of general damages and why non-economic and punitive damages were not subject to "computation" and would be determined by the jury

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 11 of 13
(No. CV07-0682 JCC)
[196827 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

based on the evidence presented at trial. Defendant has had extensive and exhaustive discovery on all evidence supporting plaintiff's remedies of an award of general damages and punitive damages. No expert is qualified to make such a computation or fix an amount. Defendant's claim of "extreme prejudice" because it had no ability to explore "how" those damages were computed is completely misplaced. Defendant fails to explain how it would be allowed to explore the basis for "computation", or what it would glean from that, when the amount and its basis would be nothing more than an educated evaluation by plaintiff's counsel, an evaluation which is nevertheless protected by the attorney-client and work product privileges. Further, such impression and evaluation can change many times before and during trial – at times the amount sought will not even be known until preparation of closing argument. There is no precedent in support of defendant's contentions, and its litany of cited cases of exclusion of evidence are quite misleading -- defendant never informs the court that those cases all involved economic damages. The motion should be denied.

Dated this 17th day of November, 2008.

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP


By /s/Victoria L. Vreeland
Victoria L. Vreeland, WSBA No. 08046
vvreeland@gth-law.com
Stephanie Bloomfield, WSBA No. 24251
sbloomfield@gth-law.com
Attorneys for Plaintiff

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 12 of 13
(No. CV07-0682 JCC)
[196827 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on November 17, 2008, I electronically filed the following: (1) PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE TO EXCLUDE EVIDENCE OF EMOTIONAL DISTRESS AND PUNITIVE DAMAGES , with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tyson K. Harper, WSBA No. 39720
Stellman Keehnel, WSBA No. 9309
DLA PIPER US LLP
701 Fifth Avenue, Suite 7000
Seattle, WA 98104-7044

(206) 839-4800 - telephone
(206) 839-4801 - facsimile
stellman.keehnel@dlapiper.com
Tyson.Harper@dlapiper.com

*Attorneys for Defendant*

DATED this 17th day of November, 2008.

/s/Victoria L. Vreeland
Victoria L. Vreeland, WSBA No. 08046
vvreeland@gth-law.com
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
600 University, Suite 2100
Seattle, WA 98101
Tel: (206) 676-7500
Fax: (206) 676-7575

PLAINTIFF'S MEMO OPP.DEF'S MOTION
IN LIMINE RE DAMAGES- 13 of 13
(No. CV07-0682 JCC)
[196827 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575